**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x
THE TRUSTEES OF THE LOCAL 807 LABOR-MANAGEMENT PENSION FUND and THE LOCAL 807 LABOR-MANAGEMENT PENSION FUND,

                                          Plaintiffs.

- against -

CITY ELEVATOR CORP.,

                                          Defendants.
--------------------------------------------------------------------x

ECF

**COMPLAINT**

19-CV-

Plaintiffs, the Trustees of the Local 807 Labor-Management Pension Fund and the Local 807 Labor-Management Pension Fund (the "Fund") by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

1. The Fund's Trustees (the "Trustees") bring this action in their capacities as fiduciaries of the Fund against City Elevator ("City"), a former participating employer. City owes the Fund withdrawal liability payments pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2. This court has original jurisdiction over the Fund's claims for payment of withdrawal liability pursuant to Sections 502(a) and (e) and Sections 4301(a) and (c) of ERISA, 29 U.S.C. §§ 1132(a) and (e), 1451(a) and (c).

4842-7194-0768, v. 1

## VENUE

3. As the Fund's office is located in the county of Queens, which is within the Eastern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. The Fund is an "employee pension benefit plan" and "multiemployer plan" as those terms are defined by Sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and 1002(37). The Fund's office is located at 32-43 49th Street, Long Island City, New York, in the county of Queens.

5. The Plaintiff Trustees have been, at all times material hereto, the "plan sponsor" of the Fund, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are "fiduciaries" of the Fund, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. City was, at all times material hereto, an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located at 1384 Broadway, New York, New York in the county of New York. As City is a corporation, it is not an infant, incompetent or in the military service.

## **RELEVANT FACTS**

7. At all relevant times, City was an employer that participated in the Fund and contributed to the Fund for those of its employees covered by collective bargaining agreements between City and Local 807 IBT (the "Union").

8. During the Fund's plan year ending August 31, 2017, City permanently ceased to have an obligation to make contributions to the Fund and/or ceased all covered operations under the Fund, causing a complete withdrawal from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result, City incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, et seq.

9. The Fund requested that its actuary determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liability owed by City to the Fund. The Fund's actuary determined that City owed the Fund withdrawal liability in the amount of $365,772.

10. Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and by letter dated May 10, 2018, which was sent via certified mail with return receipt, the Fund notified City that withdrawal liability was due to the Fund in the amount of $365,772 and was payable in 80 quarterly payments of $4,940.75 each. The first quarterly payment was due no later than August 1, 2018. The Fund demanded that the quarterly payments be made accordingly.

11. City did not timely request review of any specific matter related to the determination of withdrawal liability or identify any inaccuracy in the determination of unfunded vested benefits in accordance with Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2), or initiate arbitration of the withdrawal liability assessment as permitted by Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

12. Under Section 4221(b)(1) of ERISA, 29 U.S.C.§ 1401(b)(1), City waived its right to contest the withdrawal liability assessment by failing to timely initiate arbitration.

13. The Fund received the first two quarterly withdrawal liability payments.

14. City failed to make the third quarterly withdrawal liability payment, which was due February 1, 2019.

15. By letter dated February 8, 2019, and sent via certified mail, return receipt requested, the Fund notified City that it was in default of its quarterly payments and that, if the default was not cured in 60 days, the Fund would institute legal action to recover the entire amount of unpaid withdrawal liability, interest, liquidated damages and the costs of collection.

16. The Fund's default notice was also provided to Mitchell Hellman, an officer and principal of City, by email from Fund counsel.

17. As of this date, City has not made any further payment towards its withdrawal liability.

18. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), City's default now obligates it to pay the Fund the remainder of its withdrawal liability.

19. Pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), City is also liable to the Fund for interest, liquidated damages, costs and attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Judgment against all City for the remaining unpaid withdrawal liability, as mandated by ERISA Section 502(g)(2)(A), 29 U.S.C.§ 1132(g)(2)(A), interest on the unpaid withdrawal liability from the date payment was due through the date payment is made, as mandated by ERISA Section 502(g)(2)(B), 29 U.S.C.§ 1132(g)(2)(B), liquidated damages as mandated by ERISA Section 502(g)(2)(C), 29 U.S.C.§ 1132(g)(2)(C), and reasonable attorneys'

fees and the costs of this action, as mandated by ERISA Section 502(g)(2)(D), 29 U.S.C.§ 1132(g)(2)(D); and

  (b) such other and further relief as the Court deems appropriate.

DATED: August 14, 2019
   New York, New York

               CARY KANE LLP

               _____/s/_____
               By: Susan Bruno
               1350 Broadway, Suite 1400
               New York, New York 10018
               T: 212-868-6300
               F: 212-868-6302
               sbruno@carykane.com

               *Attorneys for Plaintiffs*