UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOCAL 807 LABOR MANAGEMENT PENSION FUND,

                                      Plaintiff,                                       **R E P O R T  &**
                                                                                 **RECOMMENDATION**
     - against -                                                         19 CV 4688 (ENV) (CLP)

CITY ELEVATOR CORP.,

                                       Defendant.
------------------------------------------------------------------------X

       Currently before the Court is plaintiff's letter Motion asking the Court to find Mitchell Hellman, officer and principal of defendant City Elevator, in civil contempt based on his failure to comply with a duly issued information subpoena and this Court's Order to Show Cause dated April 19, 2021. The Court certifies the relevant facts and, for the reasons stated herein, respectfully recommends that the Honorable Judge Eric N. Vitaliano order Mr. Hellman to appear on a date certain to show cause why he should not be found in contempt.

DISCUSSION

I.      Civil Contempt Legal Standard

       It is well-settled that federal courts have inherent power to punish contempt. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Ex parte Robinson, 86 U.S. 505, 510 (1991); see also Abrams v. Terry, 45 F.3d 17, 23 (2d Cir. 1995). Under Section 401 of Title 18 of the United States Code, a district court may "punish by fine or imprisonment, or both . . . contempt of its authority," such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Under Rule 45 of the Federal Rules of Civil Procedure, a court "may hold in contempt a person who, having been served, fails without adequate excuse

1

to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Federal Rule 70 provides that a district court may hold a party in contempt for failing to comply with a court order to perform a certain act. Fed. R. Civ. P. 70. The Rules further provide that "the procedure for enforcing the order [against a nonparty] is the same as for a party." Fed. R. Civ. P. 71; see also Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 117 (E.D.N.Y. 2008) (citing PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002)) (explaining that "Rule 45 grants the court the power to hold a party in contempt 'simply on the basis of failure to comply with a subpoena'").

The concern animating the contempt power is disobedience of a court order, and "'not . . . merely the disruption of court proceedings.'" Chambers v. NASCO, Inc., 501 U.S. at 44 (quoting Young v. United States ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 798 (1987)). An individual may be subject to both civil and criminal penalties for failing to obey a valid order of the court. See United States v. Petito, 671 F.2d 68, 72 (2d Cir.), cert denied, 459 U.S. 824 (1982) (citing Yates v. United States, 355 U.S. 66, 74 (1957)). The main difference between civil and criminal contempt is the court's underlying purpose. While criminal contempt seeks to punish the contemnor, deter future offenses, or vindicate the authority of the court, civil contempt is used to coerce compliance with the court's order or compensate the complaining party for losses incurred resulting from the contemnor's conduct. See Nye v. United States, 313 U.S. 33, 42-43 (1941); Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir. 1988); In re Grand Jury Witness, 835 F.2d 437, 440-41 (2d Cir. 1987), cert denied, 485 U.S. 1039 (1988); In re Weiss, 703 F.2d 653, 661 (2d Cir. 1983); N.Y. State Nat'l Org. for Women v. Terry, 697 F. Supp. 1324, 1329 (S.D.N.Y. 1988).

District courts are imbued with "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1981) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)), cert. denied, 454 U.S. 832 (1981).  This inherent power may only be exercised if "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." N.Y. State Nat'l Org. for Women v. Terry, 888 F.2d 1339, 1351 (2d Cir. 1989) (internal citations omitted).

Finally, in determining whether civil contempt sanctions should be imposed, the Supreme Court has set forth several factors for courts to consider:  "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequences of that sanction upon the contemnor." In re Grand Jury Witness, 835 F.2d at 443 (citing United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947); Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir.), cert. denied, 459 U.S. 832 (1982)).  "[T]he district court has 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions,' and '[i]ts determination will not be disturbed absent a clear showing of abuse of discretion." E.E.O.C. v. Local 28 of Sheet Metal Workers Intern. Ass'n, 247 F.3d 333, 336 (2d Cir. 2001) (quoting N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 857 (2d Cir. 1984)).

II.   Magistrate Judge's Authority

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances.  These include

3

summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4). In all other instances where a person has committed an act constituting contempt in a proceeding before the magistrate judge, the Act sets forth a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Under the certification process, the magistrate judge "functions only to 'certify the facts'" and not to issue an order of contempt. Church v. Steller, Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (citing Litton Sys., Inc. v. AT&T, 700 F.2d 785, 827 (2d Cir. 1983), cert. denied, 464 U.S. 1073 (1984)); see also Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 165-66 (E.D.N.Y. 1999); Gomez v. Scoma's, Inc., No. 94 CV 4452, 1996 WL 723082, at *3 (N.D. Cal. Dec. 2, 1996) (holding that a magistrate judge's duty "is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order"). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Church v. Steller, 35 F. Supp. 2d at 217 (citing Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987)); Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. at 118. "As a lesser included

4

power" consummate with a magistrate judge's ability to certify a matter for further proceedings under Section 636(e), a magistrate judge "can[,]" but need not, "conduct a hearing to determine whether certification is appropriate." In re Kitterman, 696 F. Supp. 1366, 1372 (D. Nev. 1988); see also Church v. Steller, 35 F. Supp. 2d at 217; British Int'l Ins. Co. v. Seguros La Republica, S.A., No. 90 CV 2370, 2001 WL 958975, at *7 (S.D.N.Y. Aug. 22, 2001).

The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a *de novo* hearing at which issues of fact and credibility determinations are to be made. See Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 907-08 (3d Cir. 1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt). Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." Church v. Steller, 35 F. Supp. 2d at 217 (citing In re Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 423-24 (S.D.N.Y. 1998)); see also In re Kitterman, 696 F. Supp. at 1370 (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

## CERTIFIED FACTS

1) On August 14, 2019, plaintiffs Trustees of Local 807 Labor Management Pension Fund (the "Trustees") and Local 807 Labor-Management Pension Fund (together, "plaintiffs") commenced this action against defendant City Elevator Corp. ("City Elevator"), pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1381-1405, and 1451.

5

2) On August 15, 2019, plaintiffs filed an Amended Complaint, alleging that defendant City Elevator, an "employer" within the definition of Section 3(5) of ERISA and a party to collective bargaining agreements ("CBA") with Local 807 IBT (the "Union"), ceased all covered work and ceased to have an obligation to make contributions to the Fund, causing a complete withdrawal from participation in the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

3) Pursuant to ERISA and the Agreement and Declaration of Trust (the "Trust Agreement"), the complete withdrawal from participation in the Fund rendered City Elevator liable to pay the Fund withdrawal liability, which, as calculated by plaintiffs' actuary, amounted to $365,772.00. (Compl. ¶¶ 9, 10; Casanova Aff. ¶¶ 10, 12, 14; Ex. C, Art. IV, § 6).

4) Despite proper service on the defendant on August 16, 2019, defendant failed to answer or otherwise respond to the Complaint.

5) On September 24, 2019, plaintiffs requested entry of a certificate of default, and on September 27, 2019, the Clerk of Court entered a certificate of default.

6) On October 16, 2019, plaintiffs moved for a default judgment, and on October 24, 2019, the Honorable Eric N. Vitaliano referred the motion to this Court to determine liability and damages and to issue a Report and Recommendation.

7) On July 13, 2020, the undersigned issued a recommendation that a default judgment enter in the amount of $500,381.47 against defendant, representing damages for withdrawal liability, prejudgment interest, liquidated damages, and attorney's fees and costs.

8) On August 3, 2020, the district court adopted this Court's recommendation and the Clerk of Court entered judgment in favor of the plaintiffs in the amount of $500,381.47.

9) On September 14, 2020, plaintiffs served a post-judgment information subpoena on Mitchell Hellman, who is alleged to be an officer and principal of City Elevator. (Compl. ¶ 16).

10) On September 30, 2020, when Mr. Hellman failed to respond, plaintiffs sought an Order from this Court compelling Mr. Hellman, as principal of City Elevator, to respond to the subpoena.

11) On April 19, 2021, the Court issued an Order requiring either City Elevator or Mr. Hellman to a) respond to the plaintiffs' subpoena "immediately" or b) show cause by May 17, 2021 why the Court should not enforce the subpoena. (Order dated April 19, 2021 at 1-2). The Court's Order warned that failure to submit a written response by May 17, 2021 would result in an Order granting the motion to enforce the information subpoena that would possibly include monetary sanctions or "a recommendation that defendants be held in contempt." (Id. at 3-4)

By letter dated May 21, 2021, plaintiffs now move for an Order holding Mr. Hellman in contempt for his failure to respond to the subpoena and to the Court's Order to show cause.

III. Analysis

Turning to the first element that must be established before an Order of Contempt may be issued, the Court finds that the April 19, 2021 Order, requiring that Mr. Hellman to "(a) respond immediately to plaintiffs' subpoena or (b) show cause by May 17, 2021 why this Court should not grant plaintiffs' motion to enforce the information subpoena" (Order dated April 19, 2021 at 1-2) was "clear and unambiguous." See N.Y. State Nat'l Org. for Women v. Terry, 888 F.2d at 1351 (internal citations omitted). The April 19 Order also explicitly warned of possible

monetary sanctions or a "recommendation that defendants be held in contempt" if Mr. Hellman failed to submit a written response by May 17, 2021.  (See id. at 2).  Accordingly, plaintiffs have established the first element required to certify a finding of civil contempt.

Turning to the second and third elements, the Court finds that the evidence that plaintiffs supplied provides "clear and convincing" proof of Mr. Hellman's noncompliance with this Court's Order.  See N.Y. State Nat'l Org. for Women v. Terry, 888 F.2d at 1351 (internal citations omitted).  Additionally, plaintiffs have furnished affidavits of service of their letters seeking an order to show cause and this Court's April 19 Order on Mr. Hellman.  (See ECF Nos. 14, 16, 18).  Not only has Mr. Hellman been given numerous opportunities to comply with plaintiffs' information subpoena, but this Court has received no response from Mr. Hellman, even though plaintiffs' papers relating to the pending Motion for Contempt were filed with this Court on May 21, 2021 and personally served on Mr. Hellman that same day.  (Pl.'s Letter Mot, ECF No. 19).  Accordingly, the Court finds that plaintiff has established the second and third elements necessary to certify the conduct to the district court for a determination as to whether Mr. Hellman is in contempt.

## CONCLUSION

The undersigned certifies the foregoing facts and respectfully recommends that, in adherence to the procedures articulated in 28 U.S.C. § 636(e), the Honorable Judge Eric N. Vitaliano convene a hearing upon a day certain to show cause why Michell Hellman should not be adjudged in contempt by reason of the certified facts.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  Brooklyn, New York
            September 17, 2021

　　　　　　　　　　　　　　　　　　　　　　　/s/ Cheryl L. Pollak
　　　　　　　　　　　　　　　　　　　　　　　Cheryl L. Pollak
　　　　　　　　　　　　　　　　　　　　　　　Chief United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　Eastern District of New York